# IN THE COURT OF APPEALS OF IOWA

No. 17-0518
Filed April 18, 2018

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**JOHN A. SCHROCK,**
 Defendant-Appellant.

_____

Appeal from the Iowa District Court for Davis County, Lucy J. Gamon, Judge.

John A. Schrock appeals his conviction for third-degree sexual abuse.
**AFFIRMED.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Tabor, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**VAITHESWARAN, Presiding Judge.**

John A. Schrock had sex with a sixteen-year-old girl who babysat his children. Following a trial on the minutes of testimony, the district court found Schrock guilty of third-degree sexual abuse. *See* Iowa Code §§ 709.1; 709.4(1)(a) (2016). On appeal, Schrock contends his attorney was ineffective in (1) "fail[ing] to give notice of the witnesses he intended to call at the trial, effectively preclud[ing] presentation [of] most evidence of the consensual nature of the relationship" and (2) "unconditionally stipulat[ing] that the trial court could consider only the various minutes of testimony in rendering a verdict in this case."

A person raising an ineffective-assistance-of-counsel claim must show (1) deficient performance and (2) prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "We ordinarily preserve [ineffective-assistance] claims for postconviction relief proceedings . . . 'where the challenged actions of counsel implicate trial tactics or strategy which might be explained in a record fully developed to address those issues.'" *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012) (quoting *State v. Rubino,* 602 N.W.2d 558, 563 (Iowa 1999)). We also preserve ineffective-assistance claims if "the present record does not allow us to decide if such tactic or strategy was reasonable, under prevailing professional norms." *Id.* at 501. And, we preserve claims where more than one ineffective-assistance claim is raised and the record is inadequate to address the cumulative effect of the prejudice arising from all the claims. *Id.*

The present record discloses certain information bearing on the ineffective-assistance claims. We know that shortly before the scheduled trial date, Schrock's

attorney filed a document indicating he "had subpoenaed several witnesses who" would, "if necessary, testify as rebuttal witnesses" about the "consensual" nature of the sexual activity. He indicated the identity of the people was disclosed during his deposition of the sixteen-year-old girl. The State responded that defense counsel failed to timely file a witness list as required by Iowa Rule of Criminal Procedure 2.13(4). *See* Iowa R. Crim. P. 2.13(4) ("If the defendant has taken depositions under rule 2.13(1) and does not disclose to the prosecuting attorney all of the defense witnesses (except the defendant and surrebuttal witnesses) at least nine days before trial, the court may order the defendant to permit the discovery of such witnesses, grant a continuance, or enter such other order as it deems just under the circumstances. It may, if it finds that no less severe remedy is adequate to protect the state from undue prejudice, order the exclusion of the testimony of any such witnesses."). At a hearing, Schrock's attorney essentially conceded he did not file a formal witness list because he believed the witnesses to be "surrebuttal witnesses" who did not have to be named. The district court ruled the defense could not "bring these people up in his case in chief" and "if there [was] no rebuttal," there would not be "any surrebuttal" and the case would "go forward with the witnesses who are currently named." Schrock subsequently waived his right to a jury trial and agreed to a bench trial on the minutes of evidence.

This record is inadequate to decide the ineffective-assistance claims. While we generally know what counsel hoped to elicit from the additional witnesses, we do not know whether the proposed testimony fell within the strict parameters set

by the court in pretrial rulings. Without this knowledge, we cannot determine whether the defense was prejudiced by counsel's failure to file a witness list. And, without this knowledge, we cannot gauge the prejudice resulting from counsel's decision to stipulate to a trial on the minutes of testimony. Because we cannot assess the prejudice prong of the *Strickland* test either individually or cumulatively, we preserve the ineffective-assistance-of-counsel claims for postconviction relief.

**AFFIRMED.**